**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00306-LTB-KLM

RIGHTHAVEN, LLC.,

    Plaintiff,

v.

FREEDOM FORCE COMMUNICATIONS,
THE SAY ANYTHING BLOG,
SCOTT HENNEN, and
ROB PORT,

    Defendants.

---

**DEFENDANTS FREEDOM FORCE COMMUNICATIONS, THE SAY ANYTHING BLOG, SCOTT HENNEN, AND ROB PORT'S ANSWER AND COUNTERCLAIM TO RIGHTHAVEN, LLC'S COMPLAINT**

---

For their Answer and Counterclaim to the Complaint of Righthaven, LLC ("Plaintiff"), Defendants Freedom Force Communications ("FFC"), The Say Anything Blog ("SayAnythingBlog"), Scott Hennen, ("Mr. Hennen"), and Rob Port ("Mr. Port," collectively with FFC, SayAnythingBlog, and Mr. Hennen known herein as "Defendants") state and allege by reference to the paragraph numbers of Plaintiff's Complaint as follows:

**NATURE OF ACTION**

1.     This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

**ANSWER:** Defendants admit that Plaintiff's Complaint purports to state an action for copyright infringement. To the extent, if any, Paragraph 1 of Plaintiff's Complaint purports to make reference to any action or conduct on the part of Defendants, such allegations are denied.

## PARTIES

2.      Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint, and, therefore, deny the same.

3.      Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint, and, therefore, deny the same.

4.      FFC is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

**ANSWER:** FFC admits that it is not a formal organization or entity. Defendants deny the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5.      Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of North Dakota, New York, Delaware, California, Illinois, Nevada, Texas and Tennessee demonstrate that, at least with respect to these states, FFC is not a formally organized business entity.

**ANSWER:** FFC admits that it is not a formally organized business entity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiff's Complaint, and, therefore, deny the same.

6.	FFC is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <sayanythingblog.com> (the "Domain").

**ANSWER:** FFC admits that it is the current registrant of the Internet domain found at <sayanythingblog.com>. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 of Plaintiff's Complaint, and, therefore, deny the same.

7.	FCC is, and has been at all times relevant to this lawsuit, the owner of the Domain (the content accessible through the Domain and the Domain itself known herein as the "Website").

**ANSWER:** FFC admits that it is the current owner of the Domain, with the following correction: "FCC" in Paragraph 7 of Plaintiff's Complaint is a typo and should be "FFC." Defendants deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8.	SayAnythingBlog is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

**ANSWER:** SayAnythingBlog admits that it is not a formal organization or entity. Defendants deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.	Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of North Dakota, New York, Delaware, California, Illinois, Nevada, Texas and Tennessee demonstrate that, at least with respect to these states, SayAnythingBlog is not a formally organized business entity.

**ANSWER:** SayAnythingBlog admits that it is not a formally organized business entity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiff's Complaint, and, therefore, deny the same.

10. SayAnythingBlog is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) displayed on the Website, as evidenced by a copyright notice on the Website: "© The Say Anything Blog 2010."

**ANSWER:** SayAnythingBlog admits that it is the current owner of the copyright(s) in the work(s) displayed on the Website. Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. Mr. Hennen is, and has been at all times relevant to this lawsuit, identified by GoDaddy as the administrative and technical contact of the Domain.

**ANSWER:** Mr. Hennen admits that he is one of the administrative and technical contacts of the Domain. Defendants deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. Mr. Hennen is, and has been at all times relevant to this lawsuit, identified as the "President and CEO of Freedom Force Communications," as evidenced by content accessible through Mr. Hennen's profile webpage located at the Internet domain <freedomforcesus.com>, attached hereto as Exhibit 1.

**ANSWER:** Mr. Hennen admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Mr. Port is, and has been at all times relevant to this lawsuit, identified as a "Editor" of the Website, as evidenced by content accessible through Mr. Port's Facebook profile webpage, attached hereto as Exhibit 2.

4

**ANSWER:** Mr. Port admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Mr. Port reproduced an unauthorized copy of the photograph entitled: "TSA Agent performs enhanced pat-downs" (the "Work"), attached hereto as Exhibit 3, and displayed said unauthorized copy (the "Infringement"), attached hereto as Exhibit 4, on the Website.

**ANSWER:** Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

## JURISDICTION

15. This Court has jurisdiction over the subject matter and the parties under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as jurisdictional provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

**ANSWER:** Defendants admit that the Court has subject matter jurisdiction over this action. Defendants deny the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16. Righthaven is the owner of the copyright in and to Work.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint, and, therefore, deny the same.

17. On or about November 20, 2010, Mr. Port willfully reproduced the Work on an unauthorized basis, from a source emanating from Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18. On or about November 20, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

**ANSWER:** Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19. The composition, at least in part, of the Work and the Infringement, is a Transportation Security Administration Agent performing an enhanced pat-down search in the Denver, Colorado airport.

**ANSWER:** Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. The focal point of the Infringement is Denver, Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21. The only geographic location that is associated with, and related to, the Work is Denver, Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22. The Work was originally published in *The Denver Post*.

**ANSWER:** Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23. The Defendants knew that the Work was originally published in *The Denver Post*.

**ANSWER:** Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24. The Defendants knew that the Work originally emanated from Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. At all times relevant to this lawsuit, the Infringement, as publicly displayed on the Website, was and is accessible to persons in Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26. At all times relevant to this lawsuit, the Infringement occurred and continues to occur in Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27. The Defendants' display of the Infringement was and is purposefully directed at Colorado residents.

**ANSWER:** Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. The harm caused by the Infringement, was experienced, at least in part, in Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

## VENUE

29. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Colorado.

**ANSWER:** Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

## FACTS

31. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(5).

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Complaint, and, therefore, deny the same.

32. Righthaven is the owner of the copyright in and to the Work.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Complaint, and, therefore, deny the same.

33. The Work was originally published on or about November 18, 2010.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Complaint, and, therefore, deny the same.

34. On December 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number VA0001751279 (the "Registration") and attached hereto as Exhibit 5 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

**ANSWER:** Defendants admit that what appears to be a copy of a copyright registration from the United States Copyright Office is attached as Exhibit 5 to Plaintiff's Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 34 of Plaintiff's Complaint, and, therefore, deny the same.

35. On or about November 20, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

**ANSWER:** Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**ANSWER:** Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**ANSWER:** Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

38. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 37 above.

**ANSWER:** Defendants restate their answers to Paragraphs 1–37 above.

39. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

**ANSWER:** Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

**ANSWER:** Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

**ANSWER:** Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

**ANSWER:** Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

**ANSWER:** Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

**ANSWER:** Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

**ANSWER:** Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

**ANSWER:** Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47. FFC has willfully engaged in the copyright infringement of the Work.

**ANSWER:** FFC denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. SayAnythingBlog has willfully engaged in the copyright infringement of the Work.

**ANSWER:** SayAnythingBlog denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Mr. Hennen has willfully engaged in the copyright infringement of the Work.

**ANSWER:** Mr. Hennen denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Mr. Port has willfully engaged in the copyright infringement of the Work.

**ANSWER:** Mr. Port denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

**ANSWER:** Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**ANSWER:** Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

## GENERAL DENIAL

53.     Defendants deny each and every allegation, matter, or thing contained in Plaintiff's Complaint, express or implied, not expressly admitted herein.

## DEFENDANTS' DEFENSES

Defendants set forth their defenses to Plaintiff's Complaint as follows:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by one or more equitable defenses, including but not limited to the equitable defenses of waiver, estoppel, laches, acquiescence and/or unclean hands.

3.     Defendants have not infringed and do not infringe any copyrighted work owned by Plaintiff.

4.     Defendants acted in good faith and did not willfully infringe or otherwise violate any right of Plaintiff.

5. Plaintiff's copyright infringement claim is barred, in whole or in part, by the fair use defense, including but not limited to the fair use provisions of 17 U.S.C. § 107.

6. Plaintiff's copyright infringement claim is barred by the First Amendment of the United States Constitution.

7. Plaintiff is not entitled to statutory damages, attorney's fees, pre-judgment or post-judgment interest under the law.

8. Any recovery of damages by Plaintiff is limited in whole or in part by the failure of Plaintiff to mitigate its damages.

9. To the extent that it is adjudged that Plaintiff is entitled to any damages (which it is not), any award of damages must be limited by the relevant statutory provision under Federal law.

10. Any alleged activities of Defendants relating to Plaintiff's alleged works was authorized by license and/or implied license.

11. Plaintiff has not suffered any damages by any alleged conduct of Defendants.

12. Plaintiff lacks standing to assert the copyright infringement claim.

Defendants specifically reserve the right to supplement and/or amend these Defenses to Plaintiff's Complaint.

## COUNTERCLAIM

For his counterclaim against Righthaven, LLC ("Plaintiff"), Counterclaimant Rob Port ("Mr. Port") states as follows:

1. Rob Port is the Editor of SayAnythingBlog, an Internet blog located at www.sayanythingblog.com. Mr. Port resides at 1718 5th St., SW, Minot, ND, 58701.

2.  Righthaven, LLC alleges that it is a Nevada limited-liability company. On information and belief, Righthaven, LLC's principal place of business is 9960 W. Cheyenne Ave., #210, Las Vegas, NV, 89129-7702.

3.  Plaintiff's Complaint alleges that Plaintiff owns the copyright for the photograph entitled "TSA Agent performs enhanced pat-downs" (the "Work").

4.  Plaintiff's Complaint alleges that Mr. Port and other Defendants have engaged in activities which constitute direct copyright infringement and willful copyright infringement of the Work, and that Plaintiff has been damaged as a result of the infringement.

5.  Mr. Port denies these allegations, and there is an actual controversy between Mr. Port and Plaintiff as to the non-infringement and Mr. Port's fair use of the Work. Absent a declaration of non-infringement and fair use, Plaintiff will continue to wrongfully assert the Work against Mr. Port and thereby cause injury to Mr. Port.

6.  This Court has subject matter jurisdiction over Mr. Port's counterclaim as it arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

7.  This Court has personal jurisdiction over Plaintiff, at least in view of the fact that Plaintiff has chosen to submit itself to the jurisdiction of this Court in its Complaint.

8.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## COUNT I
## DECLARATORY JUDGMENT OF FAIR USE

9.  Mr. Port realleges paragraphs 1-8 of this counterclaim as though fully set forth herein.

10.  Pursuant to 17 U.S.C. section 107, a fair use is not an infringement of the rights of a copyright holder. Defendants alleged use, to the extent there was a use, was a fair use because

it was used in a manner designed to generate political discussion and comment on matters of public concern.

11. Plaintiff's alleged Work, as defined in Plaintiff's Complaint, first appeared in a news article in *The Denver Post* on November 18, 2010. The article, entitled "Controversy over pat-downs, body scans lands at DIA," concerned new security procedures at Denver International Airport and the impact on travelers. The content of the news article was primarily informational, factual, and/or news.

12. Mr. Port's alleged use of the Work was contained in a political blog posting designed to stimulate debate and foster discussion as to whether or not the Transportation Security Administration ("TSA") should be privatized to more effectively combat terrorism. The posting was published on November 20, 2010 on SayAnythingBlog.

13. SayAnythingBlog is a partisan blog in North Dakota that targets a substantially different audience than that of the Colorado-focused *The Denver Post* newspaper.

14. Mr. Port and SayAnythingBlog do not receive any financial benefit above and beyond web advertising. No specific financial benefit can be attributed to the posting containing the Work.

15. Mr. Port is entitled to a declaration that Mr. Port has not infringed and does not infringe the Work because any use by Defendants was a fair use.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants Freedom Force Communications, The Say Anything Blog, Scott Hennen, and Rob Port pray for judgment against Righthaven as follows:

   A.  That Righthaven take nothing as the result of any of its claims for relief against Defendants;

   B.  That Righthaven's Complaint in this action against Defendants be dismissed with prejudice;

   C.  Declaring and entering judgment that Freedom Force has not infringed and does not infringe Plaintiff's copyright in the photo allegedly protected by U.S. copyright registration number VA0001751279 because Freedom Force's use was a fair use;

   D.  That Defendants be awarded their costs and expenses including reasonable attorneys fees incurred in defending this action pursuant to 17 U.S.C. § 505; and

   E.  That such other and further relief and damages be granted to Defendants as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a jury trial on all issues triable by jury.

Dated this 15th day of March, 2011.

                                              s/ Natalie Hanlon-Leh
                                              Natalie Hanlon-Leh
Spencer Ross
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone: (303) 607-3500
Email: nhanlon-leh@faegre.com
        sross@faegre.com

*Attorneys for Defendants Freedom Force Communications, The Say Anything Blog, Scott Hennen, and Rob Port*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2011, I electronically filed the foregoing **DEFENDANTS FREEDOM FORCE COMMUNICATIONS, THE SAY ANYTHING BLOG, SCOTT HENNEN, AND ROB PORT'S ANSWER AND COUNTERCLAIM TO RIGHTHAVEN, LLC'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons at the given email addresses:

Steven G. Ganim
Righthaven, LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (7-01) 527-5900
Fax:    (702) 527-5909
sganim@righthaven.com

Shawn A. Mangano, Esq.
SHAWN A. MANGANO LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (7-01) 304-0432
Fax:    (702) 922-3851
ashawn@manganolaw.com


　　　　　　　　　　　　　　　　　　　　　　  s/  Debbi J. Camp