## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00306-LTB-KLM

RIGHTHAVEN, LLC.,

      Plaintiff,

v.

FREEDOM FORCE COMMUNICATIONS,
THE SAY ANYTHING BLOG,
SCOTT HENNEN, and
ROB PORT,

      Defendants.

ROB PORT,

      Counterclaimant,

v.

RIGHTHAVEN, LLC,

      Counter-Defendant.

---

## DEFENDANT ROB PORT'S RESPONSE TO PLAINTFF'S MOTION TO DISMISS OR, ALTERNATIVELY, STRIKE ROB PORT'S COUNTERCLAIM

---

## INTRODUCTION

Righthaven LLC's ("Righthaven") Motion to Dismiss or, Alternatively, Strike Rob Port's

("Mr. Port") Counterclaim is meritless and should be denied.  The Court has complete discretion

over whether to hear Mr. Port's counterclaim for a declaration of non-infringement of

Righthaven's copyright.  Declaratory judgments were created specifically to protect defendants

like Mr. Port from Righthaven's litigation scare tactics, as evidenced by the frequency of

declaratory judgment counterclaims in intellectual property infringement lawsuits.  Further, should Righthaven try to dismiss its complaint, or should the matter not be decided on the basis of infringement, Mr. Port's counterclaim would be his only avenue to obtain a declaration of his rights.   In addition, Righthaven has failed to show any prejudice flowing from Mr. Port's counterclaim, as required in this district before a motion to strike will be granted.  As such, Righthaven's motion should be denied.

## FACTUAL BACKGROUND

On February 4, 2011, Righthaven filed this copyright infringement action against Freedom Force Communications, The Say Anything Blog, Scott Hennen and Rob Port (collectively, "Defendants").  Doc. #1 ("Complaint").  Righthaven claims to own the rights in a copyright registration for a photograph entitled "TSA Agent performs enhanced pat-downs" ("the Work").  *Id.* at ¶¶ 14, 16.  The Work was allegedly first published in *The Denver Post* newspaper.  *Id.* at ¶ 23.  Righthaven alleges that Defendants displayed or contributed to the display of the Work without authorization on the sayanythingblog.com (the "Blog").  *Id.* at ¶ 35. Righthaven is seeking a permanent injunction, the transfer of the Blog's domain name, statutory damages, and other forms of relief.  *Id.* at pp. 6-7.

On March 15, 2011, Defendants answered the Complaint.  Doc. #15.  Defendants pled several affirmative defenses, including the defense of fair use.  *Id.* at p. 12, ¶ 5.  Mr. Port also filed a counterclaim against Righthaven, seeking a declaratory judgment that he did not infringe Righthaven's copyright pursuant to the fair use doctrine ("the Counterclaim").  *Id.* at p. 13, ¶¶ 9-15.  On April 5, 2011, Righthaven filed a "Motion to Dismiss, or, Alternatively, Strike Rob Port's Counterclaim" (the "Motion"), asking the Court to dismiss the Counterclaim pursuant to

Federal Rules of Civil Procedure 12(b)(6) and 12(f).  As explained below, Righthaven's Motion should be denied.

**STANDARD OF REVIEW**

The purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to determine whether a pleading, standing alone, "is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *see also U.S. Olympic Comm. v. Am. Media, Inc.*, 156 F. Supp. 2d 1200, 1204 (D. Colo. 2001) (Kane, J.).  The Court must accept all well-pleaded allegations in the Counterclaim as true "and viewed in the light most favorable to the non-moving party." *Id.*  A 12(b)(6) motion should be granted only if the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

Under Rule 12(f), the Court has discretion whether to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from a pleading.  *Francis v. Mead Johnson & Co.*, No. 1:10-cv-00701, 2010 WL 3733023, at *1 (D. Colo. Sept. 16, 2010) (Kane, J.).  Motions to strike are "disfavored by the courts." *Id.*  As such, the movant has a "heavy burden" of proof under Rule 12(f) "[b]ecause striking pleadings is generally a drastic remedy." *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001) (Kane, J.).

**ARGUMENT**

**A.  Without the Counterclaim, Mr. Port May Never Receive a Hearing on Whether His Alleged Actions Constituted Fair Use.**

a.  <u>The Court has complete discretion over whether to hear the Counterclaim.</u>

While Righthaven frames its motion as a motion under Fed. R. Civ. P. 12(b)(6), it does not argue that Mr. Port failed to state a claim for which relief may be granted. Instead, it only states that the Counterclaim should be dismissed because it is allegedly the "mirror image" of the Complaint and Defendants' affirmative defense of fair use. Motion, p. 5. As Righthaven points out, however, this Court has complete discretion over whether to dismiss a counterclaim that is allegedly the "mirror image" of an affirmative defense, just as the Court always has discretion whether to entertain claims made pursuant to the Declaratory Judgment Act. *Id.* at pp. 3-4; *see also State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994). In determining whether to hear the Counterclaim, the Court should consider the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* at 983.

Righthaven fails to mention or even consider these factors, and for good reason. The Counterclaim would undoubtedly settle the controversy. If Mr. Port is found to have acted pursuant to the fair use doctrine, he cannot be held liable for copyright infringement. In addition, the Counterclaim clarifies the legal issues in this matter by focusing on the heart of the lawsuit: fair use. The Counterclaim provides important facts and context that color the fair use declaratory judgment claim. For example, the Counterclaim elaborates that Mr. Port used the work in a transformative context on his political blog to question whether the Transportation Security Administration should be privatized in order to better combat terrorism. Counterclaim,

¶ 12.  Likewise, the Counterclaim explains that Mr. Port receives *de minimus* revenue from his blog and that Mr. Port's blog targets a different audience than that of *The Denver Post*.  *Id.* at ¶¶ 13-14.

Further, this Counterclaim is not designed as a "race to *res judicata*;" if anything, it is countering the procedural fencing that Righthaven is so fond of.  Righthaven's litigation strategy is to sue first and ask questions later, and then withdraw the suit when it extracts a settlement or is challenged as to the validity of its claims.  Because this Motion concerns a compulsory counterclaim that arises out of the same facts, pursuant to Fed. R. Civ. P. 13(a), Mr. Port will be barred from seeking this declaratory relief outside of this lawsuit.  Should Righthaven attempt to withdraw this lawsuit, Mr. Port would continue to fear a potential suit because of Righthaven's scorched earth litigation strategy, both for the Work in question and any other copyrights Righthaven allegedly owns.  Should Righthaven's case not be decided on the merits, this Counterclaim will be invaluable in providing notice to Mr. Port and the general public of its fair use rights.

The fourth and fifth factors also favor upholding the counterclaim.  As copyright law is the exclusive province of the federal courts, there is no tension with the state courts.  In addition, no other remedy is available to Mr. Port.

Because the Court has complete discretion over whether to hear the Counterclaim, and because the factors strongly favor upholding the Counterclaim, Righthaven's motion should be denied.

b. <u>Courts routinely uphold similar counterclaims in the intellectual property context</u>.

Claims for declaratory judgments were designed to protect individuals like Mr. Port.  As the Ninth Circuit explained, in the similar patent infringement context:

> The Declaratory Judgment Act was designed to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure or never.  The Act permits parties so situated to forestall the accrual of potential damages by suing for a declaratory judgment, once the adverse positions have crystallized and the conflict of interests is real and immediate.

*Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981); *see also Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) ("Merely the desire to avoid the threat of a "scarecrow" patent, in Learned Hand's phrase, may therefore be sufficient to establish jurisdiction under the Declaratory Judgment Act.")  Because copyright law is similar to patent law, it is therefore unsurprising that "[d]eclaratory judgment actions for non-infringement of a copyright are not uncommon." *Blackmer v. Shadow Creek Ranch Dev. Co. Ltd. P'ship*, No. H-07-681, 2007 WL 7239968, at *2 (S.D. Tex. June 26, 2007) (refusing to strike a counterclaim of non-infringement of a copyright).  Like patent law, competition can be chilled by entities such as Righthaven that regularly threaten suit against users of allegedly copyrighted works, regardless of whether those users have a valid defense. *See Hunter Eng'g Co.*, 655 F.2d at 943.

In line with the purposes of the declaratory judgment act, courts frequently refuse to dismiss counterclaims for declaratory judgments of non-infringement in the intellectual property context.  For example, similar to this case, one recent decision refused to dismiss a counterclaim for non-infringement of a copyright, even though the counterclaim was alleged to be a "mirror

image" of the copyright infringement claim. *Capitol Records, Inc. v. Foster*, No. 04-1569, Doc. #67, p. 1-2 (W.D. Okla. Oct. 5, 2005) (attached hereto as Exhibit 1). Other courts are in accord that declaratory judgment counterclaims for non-infringement are allowed in intellectual property suits. *See Cardinal Chem. Co.*, 508 U.S. at 102-03 (overruling the Federal Circuit's decision to dismiss a counterclaim for declaratory judgment of invalidity of a patent); *see also Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 174-75 (6th Cir. 1942) (reversing district court that refused to dismiss counterclaim of non-infringement and invalidity of trademark); *Motionless Keyboard Co. v. Microsoft Corp.*, No. 04-180, 2004 WL 1274401, at *1 (D. Or. June 9, 2004) (declining to dismiss counterclaim for declaratory judgment of non-infringement and invalidity of patent).

Righthaven's cases cited in support of its motion are not to the contrary. None of the cases concern copyright law, and only *Ortho-Tain Inc. v. Rocky Mountain Orthodontics, Inc.*, 2006 WL 3782916 (N.D. Ill. Dec. 20, 2006) even remotely touches on intellectual property, but not in the infringement context. Motion, p. 5. In fact, one case relied on by Righthaven specifically recognizes that declaratory judgments are different in the intellectual property context. *Stickrath v. Globalstar, Inc.*, No C07-1941, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008).

Because the declaratory judgment factors favor hearing the Counterclaim, and because declaratory judgments were created specifically to protect defendants like Mr. Port from the fear of unwarranted infringement suits, Righthaven's motion should be denied.

**B. The Counterclaim Should Not be Stricken Because it is Related to the Controversy and Because Righthaven Failed to Show Prejudice, as Required in this District.**

Courts have complete discretion whether to strike a counterclaim that is allegedly redundant or a restatement of an affirmative defense. *Stickrath*, 2008 WL 2050990, at *3-4. Motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Blackmer*, 2007 WL 7239968, at *2 (refusing to strike a counterclaim for non-infringement of a copyright).

It cannot be disputed that the Counterclaim is related to the subject matter of this controversy. The Counterclaim seeks a declaration of Mr. Port's rights with respect to the Work. Because of Righthaven's litigation tactics, this declaration is invaluable to Mr. Port and others like him who desire to know their rights under the law. Without this counterclaim, Mr. Port may never know his rights if Righthaven withdraws its suit or the merits of the case are never adjudicated.

In addition, Righthaven's motion to strike under Rule 12(f) should be denied because Righthaven has made absolutely no showing of prejudice arising from the Counterclaim. "[C]ourts in this district require a showing of prejudice before striking an allegation." *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 614 (D. Colo. 2000) (Kane, J.). Even if Righthaven were correct that the Counterclaim is duplicative, which as previously explained, it is not, "[i]t is fundamental that a motion to strike will be denied if no prejudice can result from the challenged allegations, 'even though the matter literally is within the categories set forth in Rule 12(f).'"

*Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985) (Kane, J.) (citations omitted).

Righthaven's only potential claim of prejudice is that Mr. Port may be entitled to additional discovery if he is also listed as a counterclaimant.  Motion, pp. 6-7.  Mr. Port is one of four defendants in this relatively straight-forward copyright infringement matter.  Mr. Port will likely not need additional discovery beyond the amount already granted to him as a Defendant. Moreover, Righthaven should not be shielded from any counterclaims merely because it may have to answer additional discovery, and indeed Righthaven cited no authority in support of its claim.  Based on the amount of actions Righthaven has initiated in this District alone, Righthaven should have anticipated that it might face a counterclaim or need to respond to multiple discovery requests.

Courts have refused to strike counterclaims for non-infringement of copyrights in similar circumstances where the plaintiff failed to prove prejudice.  *See Blackmer*, 2007 WL 7239968, at *1 (refusing to strike counterclaim for non-infringement of a copyright when plaintiff failed to prove prejudice, among other reasons); *see also Capitol Records, Inc.*, Ex. 1, p. 2 (same). Because Righthaven has failed to demonstrate prejudice warranting the striking of the Counterclaim, Righthaven's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Rob Port respectfully requests that the Court deny Righthaven's Motion to dismiss or, alternatively, strike Mr. Port's counterclaim.  In the alternative, should the Court grant Righthaven's Motion, Defendant requests leave to amend his Answer and Counterclaim.

Dated this 29th day of April, 2011.

s/  Spencer B. Ross
Natalie Hanlon-Leh
Spencer B. Ross
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone:  (303) 607-3500
Email:  nhanlon-leh@faegre.com
          sross@faegre.com

*Attorneys for Defendants Freedom Force Communications, The Say Anything Blog, Scott Hennen, and Rob Port*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2011, I electronically filed the foregoing **DEFENDANT ROB PORT'S RESPONSE TO PLAINTFF'S MOTION TO DISMISS OR, ALTERNATIVELY, STRIKE ROB PORT'S COUNTERCLAIM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons at the given email addresses:

Steven G. Ganim
Righthaven, LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
sganim@righthaven.com

Shawn A. Mangano, Esq.
SHAWN A. MANGANO LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
ashawn@manganolaw.com

  s/  Debbi J. Camp