**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-00306-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

FREEDOM FORCE COMMUNICATIONS, an entity of unknown origin and nature;
THE SAY ANYTHING BLOG, an entity of unknown origin and nature;
SCOTT HENNEN, an individual; and
ROB PORT, an individual,

        Defendants.

---

**RIGHTHAVEN LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, STRIKE ROB PORT'S COUNTERCLAIM WITH CERTIFICATE OF SERVICE**

---

    Righthaven LLC ("Righthaven") hereby submits its reply in support of its request for dismissal of Rob Port's ("Mr. Port") counterclaim (the "Counterclaim") (Doc. # 15 at 12-15) pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Alternatively, Righthaven moves to strike the Counterclaim pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)").

    Righthaven's submission is based on the below Memorandum of Points and Authorities, the pleadings and papers on file in this action, any oral argument allowed by this Court, and on any other matter of which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

Righthaven has requested dismissal, pursuant to Rule 12(b)(6), or strike, pursuant to Rule 12(f), Mr. Port's Counterclaim (Doc. # 15 at 12-15), which seeks a declaratory relief finding of fair use. (*Id.* at 13-15.) Righthaven has made its request because the Counterclaim introduces no new claims for relief distinguishable those already before the Court based upon Mr. Port's fair use affirmative defense. (*Id.* at 12.)

Specifically, Righthaven has asserted a copyright infringement claim against Mr. Port, among other defendants, in this action. (Doc. # 1.) Mr. Port and the other named defendants answered Righthaven's Complaint on March 15, 2011. (Doc. # 15.) Mr. Port's answer asserted an affirmative defense that Righthaven's "copyright infringement claim is barred, in whole or in part, by the fair use defense, including but not limited to the fair use provisions of 17 U.S.C. § 107." (*Id.* at 12 ¶ 5.) Separate and apart from the other named defendants' responses and affirmative defenses, Mr. Port additionally asserted the Counterclaim, which exclusively seeks a declaratory judgment of fair use for the unauthorized replication of the copyrighted visual work at issue in Righthaven's Complaint. (*Id.* at 13-14.)

In response, Mr. Port has attempted to obfuscate the duplicative nature of the Counterclaim by relying on the "frequency of declaratory judgment counterclaims in intellectual property lawsuits." (Doc. # 18 at 1-2.) This generalization completely discounts actions in which declaratory judgment counterclaims are entirely viable in view of the circumstances at issue. For instance, Mr. Port cites numerous patent cases involving invalidity counterclaims. (*Id.* at 6-7.) These cases are strikingly distinguishable from Mr. Port's Counterclaim. First, a defendant asserting a patent invalidity counterclaim would, if successful, invalidate the patent sued upon and preclude the plaintiff from filing suit again on the patent. Here, if successful, Mr. Port would simply secure a finding that his otherwise infringing conduct was exempt from liability as fair use. The fair use doctrine requires a "case-by-case analysis." *Campbell v. Acuff-*

*Rose Music, Inc.,* 510 U.S. 569, 577 (1994).  Unlike a patent that has deemed invalid, a finding of fair use does not render the copyrighted work unenforceable against other alleged infringers. Rather, those seeking to invoke a fair use defense must demonstrate that their conduct falls within its protection based on the particular circumstances presented.  *Id.*  Thus, contrary to the cases cited by Mr. Port, a finding of fair use in this case, which has been alleged in his answer, would not serve to prohibit subsequent infringement actions from being filed, as would a finding of invalidity in a patent infringement case.

Likewise, Mr. Port's fears over being denied an opportunity to have the Court adjudicate his fair use Counterclaim should Righthaven seek to dismiss this action is wholly without merit. (Doc. # 18 at 5.)  Mr. Port has answered the Complaint, which expressly asserted fair use as a defense to infringement.  (Doc. # 15.)  In doing so, Mr. Port has precluded Righthaven from voluntarily dismissing this action absent a stipulation or Court approval.  *See* FED.R.CIV.P. 41(a)(1)(A)(i)-(ii).  To the extent dismissal were to be sought through Court approval, dismissal may be expressly conditioned upon terms that are deemed to be proper. *See id.* 41(a)(2).  As such, Mr. Port purported fears over further litigation could be significantly mitigated by the Court requiring dismissal with prejudice or by requiring payment of attorneys' fees and costs incurred.

Finally, Mr. Port argues that Righthaven has failed to demonstrate that allowing the Counterclaim to remain would prejudice it.  (Doc. # 18 at 8-9.)  In advancing his argument, Mr. Port parrots his claim that his Counterclaim must survive for not only his benefit, but for the benefit of others facing claims of copyright infringement brought by Righthaven.  (*Id.* at 8.) Specifically, he argues that "[b]ecause of Righthaven's litigation tactics, this declaration is invaluable to Mr. Port and others like him who desire to know their rights under the law. Without this counterclaim, Mr. Port may never know his rights if Righthaven withdraws its suit or the merits of the case are never adjudicated." (*Id.*)  These statements demonstrate a complete lack of understanding of the factually intensive and case-by-case examination of the

circumstances presented under a fair use analysis. *See Campbell,* 510 U.S. at 577. Even if Mr. Port were to prevail on a fair use defense, such a finding does not bar Righthaven from suing other alleged infringers over the unauthorized replication of the same Work at issue in this case. Simply put, other possible infringers may misappropriate the Work under circumstances that do not warrant exemption from liability under a fair use analysis even if Mr. Port's actions were found to constitute fair use. Accordingly, Mr. Port's fair use declaratory judgment Counterclaim is "invaluable" only to him. Mr. Port has placed this affirmative defense at issue in his answer. *See Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1158 (9th Cir. 2007) (noting that fair use is an affirmative defense upon which the burden of proof is placed in the defendant). His Counterclaim adds nothing to this case, which is why dismissal is warranted.

II. **ARGUMENT**

> A. *There is No Dispute That Mr. Port's Counterclaim is Duplicative of His Affirmative Defense of Fair Use.*

Mr. Port's opposition to Righthaven's request for dismissal clearly concedes one fundamental fact – that his Counterclaim is duplicative of his fair use affirmative defense. Nowhere in his opposition does Mr. Port seek to justify the uniqueness of the fair use defense asserted in his answer from that alleged in the Counterclaim. (*See* Doc. # 18.) The reason underlying this blatant omission is readily apparent because there is no substantive, factual or legal distinction between his fair use affirmative defense and fair use Counterclaim. As such, Mr. Port's Counterclaim is unquestionably a mirror image of his fair use affirmative defense. Accordingly, his Counterclaim is nothing more than a repetitious and unnecessary pleading that should be stricken. *See, e.g., Tenneco Inc.,* 776 F.2d at 1379; *Lincoln National Corp. v. Steadfast Insurance Co.,* 2006 WL 1660591 (N.D. Ind. June 9, 2006) ("Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown."); *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2006 WL

3782916 (N.D. Ill. Dec. 20, 2006); *see also Stickrath v. Globalstar, Inc.,* 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008).

### B. Mr. Port's Contention That He May Be Denied a Hearing On His Fair Use Defense Absent The Counterclaim Is Wholly Without Merit.

Mr. Port's first attempt at surviving dismissal despite his duplicative and unnecessary fair use Counterclaim is through an attempt to claim that he may be denied a hearing on this defense if his Counterclaim is dismissed. (Doc. # 18 at 3-4.) Mr. Port's argument is completely without merit and must be rejected.

Mr. Port is apparently concerned that absent his Counterclaim surviving dismissal, he may somehow face the threat of future litigation. (*Id.* at 5.) Specifically, his opposition argues that "[s]hould Righthaven attempt to withdraw this lawsuit, Mr. Port would continue to fear a potential suit because of Righthaven's scorched earth litigation strategy, both for the Work in question and any other copyrights Righthaven allegedly owns. Should Righthaven's case not be decided on the merits, this Counterclaim will be invaluable in providing notice to Mr. Port and the general public of its fair use rights." (*Id.*) Mr. Port's fears are simply unjustified in view of the procedural posture of this case.

As noted above, Mr. Port has answered the Complaint and has asserted fair use as an affirmative defense to infringement. (Doc. # 15.) In doing so, Mr. Port has precluded Righthaven from voluntarily dismissing this action absent a stipulation or Court approval. *See* FED.R.CIV.P. 41(a)(1)(A)(i)-(ii). To the extent dismissal were to be sought through Court approval, dismissal may be expressly conditioned upon terms that are deemed to be proper. *See id.* 41(a)(2). As such, Mr. Port purported fears over further litigation could be significantly mitigated by the Court requiring dismissal with prejudice or by requiring payment of attorneys' fees and costs incurred. Moreover, even if he were to secure a finding of fair use, such a decision would not preclude Righthaven from suing him again for the unauthorized replication of another copyrighted work or from suing others for the replicating the Work in this case without

consent because fair use is determined on a case-by-case basis. *See Campbell,* 510 U.S. at 577. Thus, unlike a finding of invalidity in a patent infringement case, a finding of fair use does not render the copyrighted Work incapable of enforcement.

Similarly, Mr. Port's contention that permitting his Counterclaim to remain would settle the controversy between the parties is comical in view of his fair use affirmative defense. (Doc. # 18 at 4.) He has already asserted fair use as a basis for avoiding liability for copyright infringement. If he prevails on his fair use affirmative defense, Mr. Port would obtain exactly the same result if did not assert his Counterclaim. A finding in his favor on his fair use affirmative defense would necessarily resolve the controversy between the parties without his Counterclaim pending before the Court. This is precisely the basis for Righthaven's dismissal request – that Mr. Port's fair use declaratory judgment Counterclaim adds absolutely nothing to this action beyond what is already pending through his fair use affirmative defense.

Lastly, the other considerations advanced by Mr. Port simply do not justify allowing his mirror image pleading to survive dismissal. Quite frankly, fair use is already at issue by virtue of Mr. Port's answer and affirmative defenses. His Counterclaim raises the exact same fair use defense, but in the form of an affirmative claim for relief. There is no alternative remedy that is better or more effective because the potential remedy is already before this Court. There is no friction between state and federal courts at issue because Mr. Port has asserted an affirmative defense to copyright infringement through his answer and as the sole basis for his Counterclaim. Through his answer, this Court is already the unquestionable venue to for Mr. Port's fair use defense to be adjudicated even if his Counterclaim is dismissed. Finally, there is no concern over "procedural fencing" or that this Court is being used as "an arena for a race to *res judicata*" *See State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 982-83 (10th Cir. 1994). Mr. Port, if successful, would undoubtedly obtain a final judgment in his favor on fair use grounds based on his asserted affirmative defense regardless of whether or not his Counterclaim remains in this case. In sum, the relief requested in Mr. Port's Counterclaim is completely indistinguishable

from that sought through his fair use affirmative defense alleged in answering Righthaven's Complaint. Accordingly, his Counterclaim adds nothing to this dispute and should be dismissed or stricken as requested by Righthaven.

### C. Mr. Port's Assertion That Declaratory Judgment Counterclaims Are Commonplace in Intellectual Property Cases Does Not Authorize His Duplicative Filing.

As noted above, Mr. Port simply cannot factually or legally distinguish the basis for his Counterclaim from his asserted fair use affirmative defense. His defense and Counterclaim are one and the same. In view of their indistinguishable nature, Mr. Port instead relies upon a general premise that declaratory judgment counterclaims are routinely permitted in intellectual property cases. (Doc. # 18 at 6-7.) Mr. Port's arguments do not justify permitting his Counterclaim to survive dismissal.

Mr. Port's "intellectual property" based justification for permitting his Counterclaim to stand is completely inapplicable to the facts before the Court. First, Mr. Port cites numerous patent infringement cases where declaratory judgment counterclaims for invalidity are permitted to stand. (*Id.* at 6.) Mr. Port correctly observes that "competition can be chilled by entities . . ." threatened with suit "regardless of whether those users have a valid defense." (*Id.*) This observation is completely applicable to patent infringement cases where invalidity is asserted through a declaratory relief counterclaim because a finding of invalidity precludes the patent holder from filing suit against others for infringement on the patent declared invalid. As such, the public benefits from an invalidity finding through the patent holder losing his exclusive rights to preclude competition based on a patent determined to be invalid.

This is not the case, however, with a finding of fair use in a copyright infringement action. As mentioned earlier, fair use is determined on a case-by-case basis. *See Campbell,* 510 U.S. at 577. Specifically, when a copyright defendant asserts a defense of fair use, the district court must consider the following factors: "(1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation

to the work as a whole; and (4) the effect of the use upon the potential market for the work or the value of the work." *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1014 (9th Cir. 2001) (internal quotation marks omitted); *see also* 17 U.S.C. § 107.  Thus, unlike a finding of invalidity in a patent infringement action, a finding of fair use in a copyright case is limited to the facts presented to the trier of fact.  Accordingly, even if he were to prevail on a fair use grounds, such a finding would be limited to the facts at issue before the trier of fact.  Mr. Port would not be granted a proverbial "Get Out of Jail Free" card for all potentially infringing conduct related to Righthaven owned copyrighted material.  Furthermore, given that such a finding is fact specific, fair use would not preclude Righthaven from seeking to enforce its rights against other alleged infringers.

### D. Mr. Port's Claim That Righthaven Has Failed To Demonstrate Prejudice Does Not Justify Permitting His Counterclaim To Survive Dismissal.

Mr. Port's final argument is that Righthaven has failed to demonstrate prejudice sufficient to warrant dismissal of his duplicative Counterclaim.  (Doc. # 18 at 8-9.)  In support of his position, Mr. Port once again parrots the perceived benefits that could potentially be gained by him and "others like him who desire to know their rights under the law."  (*Id.* at 8.)  Mr. Port's assertions are hollow rhetoric without any legal or factual merit.

As noted repeatedly herein, Mr. Port has already put fair use at issue in this case through his answer and affirmative defenses.  While the factually specific inquiry underlying a fair use analysis is limited to the record presented to a trier of fact in a given case, even assuming a fair use finding in Mr. Port's favor would have some profound impact on "others like him", the fundamental fact remains that this result could be obtained without the pendency of his Counterclaim.  Simply stated, he could obtain the exact same result by prevailing on his fair use affirmative defense.  There is no unique preclusive impact or unobtainable form of relief that would result if a favorable fair use finding were made in view of his currently at issue

affirmative defense or if he were to prevail on an identical theory under this duplicative Counterclaim.

Mr. Port attempts to sidestep the obvious potential prejudice to Righthaven should his Counterclaim survive dismissal and discovery were to be conducted by claiming that he will "likely not need additional discovery beyond the amount already granted to him as a Defendant." (Doc. # 18 at 9.)  While this causal observation may be true, it does not eliminate the fact that Mr. Port would be authorized to conduct additional discovery through his duplicative Counterclaim if it is allowed to stand.  Granted, the Court is empowered to mitigate this potential prejudice to Righthaven by expressly limiting the discovery permitted if Mr. Port's Counterclaim is allowed to survive dismissal.  Righthaven respectfully requests the Court do so if it declines to dismiss the Counterclaim.  This alternative means for mitigating any prejudice aside, Righthaven maintains that Mr. Port's Counterclaim should be dismissed since it adds absolutely no new issues, facts or matters of any legal significance beyond those already asserted through his fair use affirmative defense.

### III.   CONCLUSION.

For the foregoing reasons, Righthaven respectfully requests the Court dismiss pursuant to Rule 12(b)(6) or, alternatively, strike pursuant to Rule 12(f), Mr. Port's Counterclaim along with granting such other relief as is deemed appropriate.

Dated this 17th day of May, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701

STEVEN G. GANIM, ESQ.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701

*Attorneys for Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 17th day of May, 2011, I caused a copy of **RIGHTHAVEN LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, STRIKE ROB PORT'S COUNTERCLAIM WITH CERTIFICATE OF SERVICE** to be to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com